## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TIMOTHY SIMON,

       Plaintiff,

v.

UNITED AUTO CREDIT
CORPORATION,

       Defendant.

Case No. 25–cv–14713–ESK–MJS

**OPINION AND ORDER**

**THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Timothy Simon to proceed *in forma pauperis* (IFP) (ECF No. 1–2); and plaintiff having brought this action against United Auto Credit Corporation (*see* ECF No. 1); and the Court finding,

    1.    Pursuant to 28 U.S.C. § 1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

    2.    Plaintiff's affidavit in support of the Application sufficiently establishes his inability to pay the Court's fees.

    3.    The Court shall accordingly screen the action to determine whether plaintiff's complaint (Complaint) (ECF No. 1): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts

in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4.    When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).   To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5.    A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."   *Bell Atl. Corp.*, 550 U.S. at 555.   "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp.*, 550 U.S. at 555).

6.    This action arises from defendant's alleged failure to timely respond to plaintiff's certified loan audit and validation request, dated July 27, 2025, for the financing of a motor vehicle (Request).   (ECF No. 1.; ECF No. 1–4.)   In the Request, plaintiff sought, among other things, a full payment history and current loan balance.   (ECF No. 1–4 pp.2, 3.)   Since defendants did not respond to plaintiff's request within 15 days, plaintiff argues that defendant violated the: (a) Truth in Lending Act (TILA); (b) Fair Credit Billing Act (FCBA); and (c) New Jersey Consumer Fraud Act (CFA).   (*Id.* p.2.)   In addition to injunctive relief and actual damages, plaintiff seeks $32,969.60 in actual damages.   (*Id.*)

7.    Congress enacted TILA to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit."   *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 432 (3d Cir. 2018) (quoting 15 U.S.C. §1601(a)).   The FCBA amended TILA to build "on TILA's original goal of 'requir[ing] … full disclosure of credit charges … so that the consumer can decide for himself whether the charge is reasonable.'"   *Id.* (alterations in original) (quoting S. Rep. No. 90-392, at 1 (1967)).   The FCBA "aims 'to protect the consumer against inaccurate and unfair credit billing and credit card practices.'"   *Id.* (quoting 15 U.S.C. §1601(a)).   "To trigger a creditor's

obligation either to credit a disputed charge or to conduct a reasonable investigation into the matter, a consumer must submit a written notice of billing error within 60 days after receiving the statement that contains the error." *Id.* at 437. "[W]ithin 30 days of receiving that written notice, [the creditor] must acknowledge receipt to the consumer in writing." *Id.* at 433. "The CFA 'provides a private cause of action to consumers who are victimized by fraudulent practices in the marketplace'" *Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 593 (D.N.J. 2016) (quoting *Gonzalez v. Wilshire Credit Corp.*, 25 A.3d 1103, 1114 (N.J. 2011). "To state a []CFA claim, a consumer must plead (1) an unlawful practice; (2) an ascertainable loss; and (3) a causal relationship between the two." *Id.*

8.    The Request does not indicate whether plaintiff is disputing a bill. (*See* ECF No. 1–4.)   However, to the extent the Request can be treated as such, defendant has 30—not 15—days from receipt to respond.   *See Krieger*, 890 F.3d at 433; 15 U.S.C. §1666(a).[1] Beyond conclusory statements indicating that defendant engaged in unconscionable commercial practices by failing to provide required disclosures and failing to investigate his written billing dispute, no facts are asserted upon which relief "is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570.

Accordingly,

**IT IS** on this   **19th** day of **August 2025    ORDERED** that:

1.    The Application (ECF No. 1–2) is **GRANTED.**

2.    The Complaint (ECF No. 1) is **DISMISSED without prejudice.** Plaintiff may file an amended complaint by **October 1, 2025** addressing the deficiencies outlined above.

3.    The Clerk of the Court is directed to **close** this action and send a copy of this Order to plaintiff by regular mail.

_/s/ Edward S. Kiel_____
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

---

[1] Although plaintiff asserts that defendant received the Request, the date of receipt is not provided.   (ECF No. 1 p. 1.)   Assuming defendant received the Request as early as the day after the Request was submitted, defendant has until August 27, 2025 to respond.