UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY SIMON,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED AUTO CREDIT CORPORATION,<br><br>      Defendant. | Case No. 25–cv–14713–ESK–MJS<br><br>OPINION AND ORDER |

**THIS MATTER** having come before the Court on *pro se* plaintiff's amended complaint (Amended Complaint) (ECF No. 4) and motion to accept the Amended Complaint and reopen this action for further proceedings (Motion) (ECF No. 4–1); and the Court finding,

    1.    On August 15, 2025, the Court received plaintiff's complaint (Complaint) (ECF No. 1) and application to proceed *in forma pauperis* (IFP) (ECF No. 1–2). While the IFP application was granted, the Complaint was dismissed without prejudice for lacking ripeness and facial plausibility. (ECF No. 3 p.3.) To address the deficiencies identified by the Court, plaintiff was granted leave to file an amended complaint by October 1, 2025. (*Id.*) Plaintiff filed the Amended Complaint on August 21, 2025. (ECF No. 4.)

    2.    In the Amended Complaint, plaintiff seemingly removes his Fair Credit Billing Act (FCBA) and New Jersey Consumer Fraud Act claims (*see* ECF No. 1 p.2) and adds breach of contract and Pennsylvania Unfair Trade Practices and Consumer Protection Law claims. (ECF No. 4 ¶¶1, 3.) While plaintiff also asserts relief pursuant to the FTC Holder Rule, it does not appear that plaintiff is bringing a separate claim under this regulation. (*Id.*) The claim under the Truth in Lending Act (TILA) remains but is now brought under Federal Regulation Z. (*Id.*) Plaintiff clarifies that on November 3, 2023, he entered into a retail installment sales contract with Vista Austo Group, Inc., which was immediately assigned to defendant, for the purchase of a vehicle. (*Id.* ¶¶9, 10.) The contract included optional add-on products. (*Id.* ¶12) Unknowingly to plaintiff and without his consent, defendant added these products for an additional cost to the contract. (*Id.* ¶13.) On July 27, 2025,

plaintiff submitted a "loan audit and validation request" to defendant, requesting a breakdown of the charges and full payment history. (*Id.* ¶ 14.)

3. As indicated in the Opinion and Order dated August 19, 2025 (ECF No. 3 ¶ 7), Congress enacted TILA to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 432 (3d Cir. 2018) (quoting 15 U.S.C. § 1601(a)). The FCBA is enforced through TILA and is implemented though Federal Regulation Z, which requires "creditors to investigate and correct billing errors." *Conti v. Bank of Am., N.A.*, No. 22–06615, 2024 WL 4986701, at *3 (D.N.J. Dec. 5, 2024) (quoting *Alves v. Verizon*, No. 08–03196, 2010 WL 2989988, at *7 (D.N.J. July 27, 2010)). While it is unclear whether the Amended Complaint seeks relief under the FCBA, the FCBA provides "a consumer who believes that there is a billing error on his statement has sixty days, from receiving the statement, to notify the creditor of that error." *Id.* (quoting *Rigby v. FIA Card Servs., N.A.*, 490 F. App'x 230, 234 (11th Cir. 2012)). "If the consumer gives proper and timely notice, then the creditor is required to provide, within [30] days, written acknowledgement that it received the notice; and, within [90] days, or two complete billing cycles, whichever is shorter, the creditor must investigate the matter, either correcting the billing error or sending a written explanation of why the original statement was correct." *Id.* (quoting *Rigby*, 490 F. App'x 230 at 234).

4. Here, plaintiff entered into his contract in November 2023 but appears to allege that he did not come to know of the additional charges until July 2025. (ECF No. 4 ¶¶ 9, 14.) Plaintiff fails to assert whether he notified defendant of the billing error or dispute within 60 days of receiving his statement. Assuming plaintiff's July 27, 2025 notice to defendant was timely, defendant has 30 days from receipt of that notice to respond to plaintiff. *See* 15 U.S.C. § 1666(a). Like the Complaint, the Amended Complaint does not indicate if and when defendant received plaintiff's notice. (*See* ECF No. 3 p. 3 n. 1.) Without this information, I cannot determine whether this issue is ripe for adjudication.

5. Absent the TILA claim, the Court declines to exercise supplemental jurisdiction over the breach of contract and Pennsylvania Unfair Trade Practices and Consumer Protection Law claims. *See* 28 U.S.C. § 1367(c)(3); *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 29–34, 44 (2025)(noting that because the "deletion of all federal claims deprived the [d]istrict [c]ourt of federal-question jurisdiction," once those claims were gone, "the court's supplemental jurisdiction over the state claims dissolved too").

Accordingly,

IT IS on this   25th day of **August 2025**   **ORDERED** that:

1. The Motion is **DENIED.**

2. The Amended Complaint (ECF No. 4) is **DISMISSED without prejudice**. Plaintiff may file a second amended complaint by **October 1, 2025** addressing the deficiencies outlined above.

3. The Clerk of the Court is directed to keep this action **closed** and send a copy of this Order to plaintiff by regular mail.

                                        */s/ Edward S. Kiel*
                                        **EDWARD S. KIEL**
                                        **UNITED STATES DISTRICT JUDGE**