# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TIMOTHY SIMON,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED AUTO CREDIT CORPORATION,** <br><br> Defendant. | Case No. 25–cv–14713–ESK–MJS <br><br><br> **OPINION AND ORDER** |

  **THIS MATTER** having come before the Court on *pro se* plaintiff's second amended complaint (Second Amended Complaint) (ECF No. 7) and motion to accept the Second Amended Complaint and reopen this action (Motion) (ECF No. 6); and the Court finding,

  1. On August 15, 2025, the Court received plaintiff's complaint (Complaint) (ECF No. 1) and application to proceed *in forma pauperis* (IFP) (ECF No. 1–2). While the IFP application was granted, the Complaint was dismissed without prejudice for lacking ripeness and facial plausibility. (ECF No. 3 p. 3.) To address the deficiencies identified by the Court, plaintiff filed an amended complaint (Amended Complaint) on August 21, 2025. (ECF No. 4.) However, for substantially the same reasons as the Complaint, the Amended Complaint was also dismissed without prejudice. (ECF No. 5.) On August 26, 2025, plaintiff filed the Second Amended Complaint (ECF No. 7) and Motion (ECF No. 6).

  2. In the Second Amended Complaint, plaintiff reasserts his Truth in Lending Act (TILA), Federal Regulation Z, and breach of contract claims. (ECF No. 7 p. 1.) Plaintiff also brings back his New Jersey Consumer Fraud Act claim, which he raised in the Complaint but removed in the Amended Complaint. (*Id.*; ECF No. 1 p. 2; ECF No. 4.) While plaintiff asserts that he disputed his bill from defendant within the statutory period, and that defendant received plaintiff's dispute letter on July 31, 2025 (ECF No. 4 ¶¶ 10, 13), the 30 days within which defendant must acknowledge receipt and the 90 days within which defendant must investigate plaintiff's dispute has yet to pass *See* 15 U.S.C. §1666(a); *Rigby v. FIA Card Servs., N.A.*, 490 F. App'x 230, 234 (11th Cir. 2012) (holding that "[i]f the consumer gives proper and timely notice, then

the creditor is required to provide, within [30] days, written acknowledgement that it received the notice; and, within [90] days, or two complete billing cycles, whichever is shorter, the creditor must investigate the matter, either correcting the billing error or sending a written explanation of why the original statement was correct"). The Second Amended Complaint is thus not ripe for adjudication.

3. Plaintiff has already had two opportunities to amend the Complaint. Providing him with a third opportunity to do so would be futile. *See Robinson v. Delbalso*, No. 22–02378, 2022 WL 17248100, at *2 (3d Cir. Nov. 28, 2022) (noting that "[b]ecause [the plaintiff] … had two opportunities to amend his complaint, declining to grant further leave to amend was proper"); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (noting that since the pro se plaintiff "already had two chances to tell his story," allowing the plaintiff to file a third amended complaint would be futile). Plaintiff has repeatedly been advised as to the ripeness issue with this action, yet he has continued to file frivolous complaints. (*See* ECF Nos. 3, 5.)

4. The breach of contract and New Jersey Consumer Fraud Act claims are state law claims, over which I decline to exercise supplemental jurisdiction. *See* 28 U.S.C. §1367(c)(3). "A federal court may decline to exercise supplemental jurisdiction over state law claims when it dismisses all claims over which it has original jurisdiction." *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017); *see Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 29–34, 44 (2025)(noting that because the "deletion of all federal claims deprived the [d]istrict [c]ourt of federal-question jurisdiction," once those claims were gone, "the court's supplemental jurisdiction over the state claims dissolved too"). Beyond discretion, a court "*must* decline" exercise of supplemental jurisdiction in cases in which all original jurisdiction claims have been dismissed "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017) (emphasis in original) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)). None of these considerations warrant exercising jurisdiction over the state law claims.

Accordingly,

**IT IS** on this   **28th** day of **August 2025**   **ORDERED** that:

1. The Motion (ECF No. 6) is **DENIED.**

2. The Second Amended Complaint (ECF No. 7) is **DISMISSED with prejudice**.

3. The Clerk of the Court is directed to keep this action **closed** and send a copy of this Opinion and Order to plaintiff by regular mail.

   */s/ Edward S. Kiel*
   **EDWARD S. KIEL**
   **UNITED STATES DISTRICT JUDGE**